The governing authority for the parishes, Orleans excepted, in Louisiana, is the police jury; the members composing the same are elected at the general election for State officers, as Governor, etc. I am of the opinion that Act 12 of the Extra Session, 1940, merely provides the method of ascertaining the number of police jurors which shall compose the said police jury and no further. It has divided the several parishes into two classes, first, the parishes having a population of 50,000 inhabitants and over, and, second, less than 50,000 inhabitants. However, a different method of ascertaining the membership of the police jury is set up. It is evident from the reading of the act that when a parish moves from class two to class one, the membership of the police jury is reduced, for example: In a parish having a population, say, of 45,675, and having five wards, or 9,135 to each ward, the membership of the police jury would be 15 police jurors, but when the population of this parish would reach 50,000, equally divided amongst the wards, the membership would be only 10 police jurors, a decrease of five. Likewise, a ward may lose representation of a member by a decrease in population, the parish remaining in its former class. The act provides the method of ascertaining the census of the parishes and wards, and definitely fixes the time at which a change, if any, in the class a parish may fall, the change of membership, if any, and the number of police jurors a ward is entitled to, and that is at the general election following a United States census. The act does not create any new office, increase or decrease the existing offices, or cause any vacancy until then. I therefore concur in the final decree.